NO. 07-11-0508-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL D

 FEBRUARY 16, 2012
 
 ______________________________

 LUCIANO RAMIREZ-CERVANTES, APPELLANT

 V.

 THE STATE OF TEXAS, APPELLEE

 _________________________________

 FROM THE 108[TH] DISTRICT COURT OF POTTER COUNTY;

 NO. 61,176-E; HONORABLE DOUGLAS R. WOODBURN, JUDGE

 _______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
 ABATEMENT AND REMAND
 Appellant timely filed a notice of appeal challenging the trial court's Order of Deferred Adjudication for possession of a controlled substance. According to the order, pursuant to a plea bargain, Appellant was placed on deferred adjudication community supervision for four years. However, in the Trial Court's Certification of Defendant's Right of Appeal, the trial court checked "is not a plea-bargain case, and the defendant has the right of appeal." Because these two options are mutually exclusive, either the Order of Deferred Adjudication or the trial court's certification appears defective. See Dears v. State, 154 S.W.3d 610, 614 (Tex.Crim.App. 2005).
Therefore, we now abate this appeal and remand this cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary to either enter a corrected Order of Deferred Adjudication Nunc Pro Tunc or secure a proper Trial Court's Certification of Defendant's Right of Appeal in compliance with Rule 25.2(d). Once a corrected order or properly completed certification has been executed, the same shall be included in a supplemental clerk's record. See Tex. R. App. P. 34.5(a)(12). The trial court shall cause the supplemental clerk's record to be filed with the Clerk of this Court within 30 days of the date of this order. This order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure, of the potentially defective certification. If a supplemental clerk's record containing a corrected order or proper certification is not filed in accordance with this order, this cause will be referred to this Court for further action. See Tex. R. App. P. 25.2(d). 
It is so ordered.
 Per Curiam
Do not publish.